

WWW.RIVKINRADLER.COM

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

February 1, 2016

**VIA ECF**

Honorable Edward R.Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   Government Employees Insurance Co., et al. v. Jacobson, et al.
             E.D.N.Y. Case No. 15-cv-7236-ERK-RML
             RR File No.:  005100-01007

Dear Judge Korman:

We represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "Plaintiffs" or "GEICO").

On behalf of Plaintiffs, and with the consent of counsel for Defendants Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson DC P.C., NJ Neuro & Pain, P.C., Robert Klass, D.C., and Peter Albis, D.C., we respectfully request that the Court "so-order" the attached stipulation, consent order, and injunction.

In particular, the attached stipulation, consent order, and injunction:

      (i)    vacate the defaults that have been entered in this action against various of the Defendants;

      (ii)   stays the arbitral proceedings that have been filed against GEICO by Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson DC P.C., and NJ Neuro & Pain, P.C. (collectively the "Jacobson Defendants") – in which the Jacobson Defendants seek to collect no-fault insurance benefits from GEICO – pending the final disposition of this action;

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000
F 516.357.3333

477 Madison Avenue
New York, NY  10022-3338
T 212.455.9555
F 212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460
F 201.489.0495



Honorable Edward R. Korman
February 1, 2016
Page 2

      (iii)    enjoins the Jacobson Defendants from commencing any new arbitral proceedings against GEICO during the pendency of this action;

      (iv)    enjoins the American Arbitration Association from accepting any new arbitrations against GEICO by the Jacobson Defendants, or from issuing any awards in any proceedings commenced against GEICO by the Jacobson Defendants, pending the disposition of this action; and

      (v)    tolls the statutes of limitation applicable to the commencement of any arbitral proceedings that are stayed or enjoined pursuant to the order.

See Exhibit "1".

This request is made for good cause. First, the relief that is jointly requested by the parties will help facilitate a settlement of this action, to the extent that a settlement is possible.

Second, GEICO has asserted – among other claims – a claim for a declaratory judgment in this action, to the effect that the Jacobson Defendants are not entitled to collect on any of the pending billing that they have submitted to GEICO, including the billing that presently is the subject of the Jacobson Defendants' pending collections arbitrations. See Docket No. 1, ¶¶ 2-5, 427-436, and passim.

In this context, numerous courts within this District and New York State courts have granted substantially similar motions to stay and enjoin no-fault collections arbitrations in highly analogous cases involving allegations of no-fault insurance fraud and declaratory judgment claims. See, e.g., Allstate Ins. Co. v. Hisham Elzanaty, 929 F. Supp. 2d 199, 217-222 (E.D.N.Y. 2013)(Spatt, J.)(granting motion to stay defendant healthcare providers' pending no-fault collections arbitrations pending the disposition of the insurer-plaintiffs' declaratory judgment claim, which sought a declaration to the effect that the defendant healthcare providers were not entitled to collect on any of their pending billing, based on considerations of judicial economy and the need to avoid piecemeal litigation); Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 879 F. Supp. 2d 243, 264 (E.D.N.Y. 2012)(Weinstein, J.)(granting motion to stay defendant healthcare providers' pending no-fault collections arbitrations pending the disposition of the insurer-plaintiffs' declaratory judgment claim, in the interests of judicial economy and because "[p]ermitting these individual claims to proceed to arbitration while their claim for a declaratory judgment remains pending in this court puts the plaintiffs at significant risk of multiple judgments that may be inconsistent with the ultimate decision in this case."); Government Employees Insurance Co., et al. v. Damien, et al., Docket No. CV 10-



Honorable Edward R. Korman
February 1, 2016
Page 3

5409 (Townes, J.), January 4, 2011 Order, at Docket No. 63 (same); GEICO Ins. Co. v. Williams, 2011 NY Slip Op 30326U at * 10 - * 11 (Sup. Ct. Nassau Cty. 2011)(in an action seeking, among other things, a declaration that defendants were not entitled to recover no-fault benefits, the Court stayed all pending no-fault arbitrations pending the outcome of the declaratory judgment action "in the interests of judicial economy" and due to the possibility of "significantly varying outcomes" if the plaintiff-insurer was required to "litigat[e] each alleged fraudulent claim separately"); AIU Ins. Co. v. Deajess Med. Imaging, P.C., 24 Misc. 3d 161, 166 (Sup. Ct. Nassau Cty. 2009)(same); Safeco Ins. Co. of Ind. v. Morel, 2009 NY Slip Op 32187U at * 3 - * 4 (Sup. Ct. Nassau Cty. 2009)(same); Autoone Ins. Co. v. Manhattan Heights Med., P.C., 2009 NY Slip Op 51663U at * 3 - * 4 (Sup. Ct. Nassau Cty. 2009)(same).

It is worthwhile to note that – in contrast to the cases cited above, where the insurer-plaintiffs' motions to stay were contested – the Jacobson Defendants have consented to the present motion.

Accordingly, for the reasons set forth herein, and with the consent of opposing counsel, we respectfully request that the Court "so-order" the attached stipulation, consent order, and injunction.

We appreciate the Court's attention to this matter.

                Respectfully submitted,

                RIVKIN RADLER LLP

                /s/ Max Gershenoff
                Max Gershenoff

cc:    All counsel via ECF.

       Steven Super, Esq.
       Super Associates, P.C.
       310 Old Country Road – Suite 205
       Garden City, New York 11530
       *Counsel for Defendants Bruce Jacobson, D.C.,*
       *BMJ Chiropractic, P.C., NJ Pain Treatment, P.C.,*
       *Jacobson Chiropractic, P.C., Dr. Bruce Jacobson DC P.C.,*
       *NJ Neuro & Pain, P.C., Robert Klass, D.C., and Peter Albis, D.C.*