

RYAN GOLDBERG
(516) 357-3525
Ryan.goldberg@rivkin.com

WWW.RIVKINRADLER.COM

August 1, 2016

**By ECF**
Honorable Robert M. Levy
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Government Employees Insurance Company, et al. v Bruce Jacobson, et al.*
            Docket No. CV-15-7236(ERK)(RML)
            RR File No.:  005100-1007

Dear Judge Levy:

This firm represents GEICO in the above-referenced matter. In accordance with Local Civil Rule 37.3, GEICO respectfully moves for an order compelling Defendants Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson, D.C., P.C., NJ Neuro & Pain, P.C., Diana Beynin, D.C., Peter Albis, D.C.,Gerlando Zambuto, D.C. Robert Klass, D.C. and Jongdug Park, D.C." (collectively the "Jacobson Defendants") to provide full and complete responses, without objection, to GEICO's First Requests for Production of Documents and First Sets of Interrogatories (collectively, the "Discovery Requests").[1]

The Discovery Requests were served via Federal Express on June 14, 2016. Pursuant to Rules 33 and 34, the Jacobson Defendants' responses were due on or about July 14, 2016. To date, the Jacobson Defendants have made no attempt to provide any responses to the Discovery Requests. Accordingly, on July 19, 2016, I informed counsel for the Jacobson Defendants by letter that the Jacobson Defendants' responses to Plaintiffs' Discovery Requests were past due. See Exhibit "A".  On July 20, 2016, I spoke with counsel for the Jacobson Defendants and, as a matter of courtesy, again advised him that the Jacobson Defendants' discovery responses were overdue and were expected to be provided within a reasonable time in order to avoid any unnecessary motion practice.  The Jacobson Defendants requested additional time to provide the responses, and GEICO agreed to extend their time to respond until Friday July 29, 2016, as a matter of courtesy and to avoid burdening the Court with unnecessary motion practice.[2]  Even so, no responses or discovery have been produced.

---

[1] For the sake of brevity, GEICO has not annexed the numerous sets of document demands and interrogatories as the sheer number of defendants made the potential exhibit exceedingly large.  GEICO is of course prepared to provide copies to the Court should it request the documents.

[2] It should be noted that the Jacobson Defendants initially requested until July 26, 2016 to provide the responses, but GEICO agreed to a further extension in the hope of avoiding the need for Court intervention.

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000
F 516.357.3333

477 Madison Avenue
New York, NY  10022-3338
T 212.455.9555
F 212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460
F 201.489.0495



**RIVKIN RADLER**
ATTORNEYS AT LAW

Honorable Robert M. Levy
August 1, 2016
Page 2

Pursuant to the Federal Rules of Civil Procedure and this Court's Individual Practices, I personally spoke with Steven Super, Esq., counsel for the Jacobson Defendants on July 20, 2016 and July 29, 2016 to "meet and confer" regarding these outstanding discovery issues.

The Discovery Requests served by GEICO are relevant and material to this action and, in fact, courts in the Eastern District, including this Court, have recently granted similar applications. See GEICO v. Mayard, et al., 15-CV-4077, April 27, 2016 Docket Entry. See also Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978). In addition, the value of the discovery sought outweighs and is in proportion to any cost or burden of its production. See Fed. R. Civ. P. 26(b)(1); see also In re Weatherford International Securities Litigation, 2013 WL 2355451, at *5 (S.D.N.Y. March 28, 2013). Under the circumstances, an order directing immediate and complete responses to the Discovery Requests is warranted. In addition, Defendants have waived any objection to the discovery requests. See, e.g., Labarbera v. Absolute Trucking, Inc., 2009 U.S. Dist. LEXIS 70901 at * 3 (E.D.N.Y. 2009); see also Russo-Lubrano v. Brooklyn F.S.B., 2007 U.S. Dist. LEXIS 98154 at * 4 (E.D.N.Y. 2007).

Accordingly, Plaintiffs respectfully request that the Court issue an Order compelling the Jacobson Defendants to immediately provide complete responses to Plaintiffs' Discovery Requests, with any objection to the requests waived. We appreciate the Court's attention to this matter.

                              Respectfully submitted,

                              RIVKIN RADLER LLP

                              Ryan Goldberg (RG 7570)

cc:    All counsel via ECF
3468986v1