

WWW.RIVKINRADLER.COM

RYAN GOLDBERG
(516) 357-3525
ryan.goldberg@rivkin.com

October 5, 2016

**VIA ECF**
Honorable Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Government Employees Ins. Co., et al. v. Jacobson, et al.*
           Docket No. 15-cv-7236 (ERK)(RML)
           RR File No.:  005100-01007

Dear Magistrate Judge Levy:

As the Court is aware, we represent Plaintiffs in the above-referenced matter. Pursuant to Local Rule 37.3(c) and Your Honor's Individual Rules, Plaintiffs respectfully move for an Order compelling Defendants Bruce Jacobson, D.C. ("Jacobson"), BMJ Chiropractic, P.C. ("BMJ"), NJ Pain Treatment, P.C. ("NJ Pain"), Jacobson Chiropractic, P.C. ("Jacobson Chiro"), Dr. Bruce Jacobson, D.C., P.C. ("Jacobson PC"), NJ Neuro & Pain, P.C. ("NJ Neuro"), Diana Beynin, D.C. ("Beynin"), Peter Albis, D.C. ("Albis"), Gerlando Zambuto, D.C. ("Zambuto"), Robert Klass, D.C. ("Klass"), and Jongdug Park, D.C. ("Park") (collectively the "Jacobson Defendants") to immediately provide full and complete responses, without objection, to GEICO's First Requests for Production of Documents ("Document Requests") and First Sets of Interrogatories (collectively, the "Discovery Requests").[1] To date and in violation of the Court's prior Order (See August 17, 2016 Docket Entry), the Jacobson Defendants have failed to provide any responses to GEICO's First Sets of Interrogatories and failed to provide full responses as required by the Court, to GEICO's Document Requests, including failing to produce a single document responsive to GEICO's request.

As the Court is aware, the Jacobson Defendants have failed to provide discovery responses at every step of the way, eventually requiring GEICO to seek Court intervention in August 2016. GEICO has also allowed the Defendants ample time to provide any discovery responses. It now seems clear that the Jacobson Defendants are deliberately delaying and evading their discovery obligations in this case. By Court Order dated August 17, 2016, the Jacobson Defendants were required to provide "full discovery responses" on or before August 31, 2016. Id. In response to the Court Order the Jacobson Defendants only produced written responses to GEICO's document demands (including certain objections in violation of the Court Order) but did not and have not to date produced a single responsive document (despite identifying classes of documents that were responsive). Critically, to date, the Jacobson Defendants also have not produced responses to GEICO's Interrogatory Requests.

---

[1] For the sake of brevity, GEICO has not annexed copies of the document demands and interrogatories as the sheer number of defendants made the potential exhibit in excess of 100 pages. GEICO is of course prepared to provide copies to the Court should it request the documents.



Honorable Robert M. Levy
October 5, 2016
Page 2

Therefore, on September 1, 2016, September 6, 2016 and September 8, 2016, in good faith attempts to resolve these discovery issues, GEICO sent correspondence to the Jacobson Defendants' counsel seeking: (i) dates certain for the production of the interrogatory responses and the production of documents requested in GEICO's Document Requests; (ii) specific information, including an affidavit from the relevant party, as to the efforts sought to obtain documents allegedly not in the Jacobson Defendants' possession; and (iii) to resolve certain inconsistencies in the Jacobson Defendants' document responses. Copies of GEICO's correspondence are annexed hereto as Exhibit "A."

On September 12, 2016, I spoke with counsel for the Jacobson Defendants, and in order to avoid burdening the Court, agreed to extend the Jacobson Defendants' time to produce the outstanding responses and documents until September 23, 2016. Not surprisingly, no responses were forthcoming on September 23rd. Accordingly, on September 27, 2016, as a matter of courtesy, I sent an e-mail to counsel for the Jacobson Defendants making one last good faith attempt to resolve these issues. However, the Jacobson Defendants still have not provided responses to Plaintiffs' Interrogatories or produced a single responsive document with respect to GEICO's Document Demands. See Exhibit "B".

Accordingly, Plaintiffs request that the Court issue an Order compelling the Jacobson Defendants to immediately provide: (i) full and complete responses to GEICO's First Sets of Interrogatories;[2] (ii) full and complete responses to GEICO's Document Demands; and (iii) any and all responsive documents identified by the Jacobson Defendants in their previously produced incomplete responses. Additionally, GEICO requests the Court issue an Order granting costs against the Jacobson Defendants based on the willful failure to the Jacobson Defendants to comply with the previous Court Order.

We appreciate the Court's attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

Ryan Goldberg, Esq.

cc: All counsel via ECF

---

[2] As a result of the Defendants' failure to timely respond and in violation of the previous Court Order, the Jacobson Defendants have waived any objections they otherwise might have had to the discovery requests. See, e.g., Labarbera v. Absolute Trucking, Inc., 2009 U.S. Dist. LEXIS 70901 at * 3 (E.D.N.Y. 2009); see also Russo-Lubrano v. Brooklyn F.S.B., 2007 U.S. Dist. LEXIS 98154 at * 4 (E.D.N.Y. 2007).