# SUPER ASSOCIATES P.C.

STEVEN I. SUPER
———
SABINÉ ULLMEYER
ROBERT M. BOTT

LAWYERS AND CONSULTANTS
310 Old Country Road, Suite 205
Garden City, New York 11530
Telephone: (516) 307-1350
Facsimile: (516) 307-1351
Internet: SuperEsq.com

November 3, 2016

**VIA ECF**
The Honorable Edward R. Korman, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Government Employees Ins. Co., et al. v. Jacobson, et al.*,
                 <u>Docket No.: 15-cv-7236 (ERK) (RML)</u>

Your Honor:

      My firm represents Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., NJ Neuro & Pain, P.C., Dr. Bruce Jacobson D.C. P.C., Diana Beynin, D.C., Peter Albis, D.C., Gerlando Zambuto, D.C., Robert Klass, D.C. and Jongdug Park, D.C. (collectively, the "Defendants") in connection with this action brought by Plaintiffs. Pursuant to Eastern District of New York Local Rule 1.4, Super Associates P.C. respectfully submits this letter motion to withdraw as counsel of record for defendants Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., NJ Neuro & Pain, P.C., Dr. Bruce Jacobson D.C. P.C., Diana Beynin, D.C., Peter Albis, D.C., Gerlando Zambuto, D.C., Robert Klass, D.C. and Jongdug Park, D.C. in the above-captioned matter and for all dates in the case to be briefly adjourned pending the resolution of this motion and in the event that this application is granted. Super Associates P.C. has not made a previous application for similar relief.

## PRELIMINARY STATEMENT AND BACKGROUND FACTS

      It is with regret that the undersigned counsel is forced to make this motion to withdraw. Super Associates P.C. seeks leave to withdraw as counsel of record for Defendants because Defendants have divergent and irreconcilable views regarding the litigation strategy to employ in this matter and Defendants' actions have seriously impaired Super Associates P.C.'s ability to represent them. Prior to making this motion, Super Associates P.C. advised Defendants that it would be forced to make a motion to withdraw on the grounds set forth herein. Super Associates P.C. has no choice but to proceed to seek leave to withdraw as there exists a conflict of interest amongst Defendants. Super Associates P.C. went to substantial efforts and lengths to negotiate with the Defendants to reconcile their differences, including communications, by telephone, in person, and through email. Super Associates P.C. is unable to adequately represent the interests of Defendants. Recent communications with the Defendants have made it clear that there has been a significant erosion of the attorney-client relationship. Super Associates and Defendants have divergent and irreconcilable views on the appropriate strategy to employ in this litigation. Accordingly, Defendants' actions have seriously impaired Super Associates P.C. ability to



Practicing Green

represent them. Super Associates P.C. has advised Defendants of its intention to terminate its representation and withdraw as their counsel. Super Associates P.C. withdrawal will not prejudice the litigation, nor substantially impede the progress of this action.

## ARGUMENT

**I.   The Rules of Professional Conduct and Local Rule 1.4 Relieve An Attorney Of Record By Order Of Court**

Pursuant to Local Rule 1.4 of the Eastern District of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

**II.   Irreconcilable Differences With Clients Warrant Withdrawal of Counsel**

Under Rule 1.16(c)(4) of The New York State Rules of Professional Conduct, a lawyer may withdraw from representation where "the client insists upon taking action with which the lawyer has a fundamental disagreement." Furthermore, under Rule 1.16(c)(7), the lawyer may withdraw where "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively." "'[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Bijan Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773, 2011 U.S. Dist. LEXIS 51916, at *4- *5 (S.D.N.Y. May 11, 2011) (citations omitted); *Dowler v. Cunard Line Ltd.*, No. 94 Civ. 7480, 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal on the grounds that "strong evidence of a strained attorney-client relationship regardless of the source of the strain is sufficient grounds" for an attorney to withdraw); *McGuire v. Wilson*, 735 F. Supp. 83, 85 (S.D.N.Y. 1990) (allowing attorney to withdraw because "relationship between the parties has deteriorated beyond repair"); *Hallmark Capital Corp. v. Red Rose Collection*, No. 1997 U.S. Dist. LEXIS 16328, at *8-*9 (S.D.N.Y. Oct. 21, 1997) ("[T]he client and counsel have irreconcilable differences, that is a satisfactory reason to allow counsel to withdraw.").

Withdrawal has been permitted where "an irreconcilable conflict [] developed between [counsel and client] regarding litigation strategy." *Hallmark Capital Corp.*, 1997 U.S. Dist. LEXIS 16328 (*quoting Tufano v. City of New York*, No. 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996); *citing Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, Case 1:07-cv-09931-WHP-FM Document 313 Filed 07/12/12 Page 6 of 11 7 431 (2d Dep't) (motion to


Practicing Green

withdraw granted in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation"); *see also Casper v. Lew Lieberbaum & Co.*, 1999 U.S. Dist. LEXIS 7779 (S.D.N.Y. May 24, 1999) (permitting withdrawal where plaintiffs and original counsel disagreed about litigation strategy, the value of the case, [and] the strength of the case"). Furthermore, "counsel ethically can withdraw where the client insists upon a course of conduct that is contrary to the judgment and advice of counsel." *Ashcroft v. Dep't of Corr.*, 2008 U.S. Dist. LEXIS 73624, 14- 16 (W.D.N.Y. Sept. 18, 2008) (*citing* N.Y.S. Code of Prof. Responsibility, EC 7-8).

As a result of the different strategic approaches, an irreconcilable conflict and tension have developed between Defendants and their counsel. Recent communications with the Defendants have made it clear that there has been a significant erosion of the attorney-client relationship. Indeed, Defendants, Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson D.C., P.C. and NJ Neuro & Pain, P.C. (hereinafter referred to as "Jacobson Defendants") retained new attorneys as is evidenced by the Notice of Appearance filed on November 3, 2016.  *See* Docket No. 84.

Moreover, Super Associates P.C. can no longer adequately represent the interests of the remaining Defendants. Defendants and their counsel have extremely diverging and irreconcilable views with respect to the appropriate strategy to employ in this litigation and the resources which must be devoted in defense of this lawsuit. Super Associates P.C.'s ability to zealously defend Defendants has been seriously compromised and have seriously impaired Super Associates P.C. ability to represent them.

### III.    Conflict of Interest Justifies Withdrawal

New York Courts have permitted withdrawal where a conflict of interest arises between an attorney and client. *See, e.g., International Business Counselors, Inc. v. Bank of Ikeda, Ltd.*, 1990 U.S. Dist. LEXIS 2550 (S.D.N.Y. Mar. 9, 1990). A conflict of interest occurs if, during the course of the representation, the attorney's and client's interests diverge with respect to a material factual or legal issue or to a course of action or if clients' interest diverge when represented by one counsel. *See United States v. Malpiedi*, 62 F.3d 465, 469 (2d Cir. 1995).  There is a conflict of interests involving the strategy of litigating the instant matter.  Without divulging client confidences, Super Associates P.C. can no longer represent the interests of the Defendants.

### IV.    Withdrawal of Counsel Will Not Prejudice Defendants

Defendants will not be prejudiced by Super Associates P.C. withdrawal as counsel. As noted previously, Jacobson Defendants already retained counsel.  On behalf of the individual employee defendants, a brief stay of the proceeding of 45 days to allow them to obtain new counsel is hereby requested.  Furthermore, Defendants Motion to Dismiss and Compel Arbitration is fully briefed and is currently before this Court. Moreover, Super Associates P.C. respectfully requests a brief continuance of any and all dates, therefore "any new counsel retained by [Defendants] would not be forced to 'hit the ground running' but would instead have ample time to familiarize himself


Practicing Green

**SUPER ASSOCIATES P.C.**
LAWYERS AND CONSULTANTS

with the entire record in the case and thus prepare himself either to proceed to trial should summary judgment be denied or prepare an appeal if summary judgment is granted." *See Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 17008 at *9 (S.D.N.Y. 2005) (*citing Furlow v. New York*, 1993 U.S. Dist. LEXIS 3510 at *4-5 (S.D.N.Y. 1993)) (holding that client would not be prejudiced by counsel's withdrawal while client's summary judgment motion was sub judice). Moreover, in light of the irreconcilable tension and conflict between Defendants and between Defendants and their counsel Super Associates P.C. respectfully submits that they should be allowed to withdraw as counsel.

## CONCLUSION

For the foregoing reasons, Super Associates P.C. respectfully requests that the Court grant its motion to withdraw as counsel of record for Defendants and briefly continue the scheduled dates in the case.

DATED: Garden City, New York
November 3, 2016

Respectfully submitted,
SUPER ASSOCIATES P.C.
*Attorneys for Defendants Bruce Jacobson, D.C., Diana Beynin, D.C., Peter Albis, D.C., Gerlando Zambuto, D.C., Robert Klass, D.C., Jongdug Park, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson D.C. P.C., and NJ Neuro & Pain, P.C.*

*/s*_____
Steven I. Super (SS4133)
*ss@superesq.com*
Sabiné Nicole Ullmeyer (SU5066)
*sullmeyer@superesq.com*
310 Old Country Road, Suite 205
Garden City, New York 11530
(516) 307-1350

TO: All Counsel
*via US Mail & ECF*



Practicing Green