

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

November 4, 2016

**VIA ECF**

Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Government Employees Ins. Co., et al. v. Jacobson, et al.*
       Docket No. 15-cv-7236-ERK-RML
       RR File No.:  005100-01007

Dear Magistrate Judge Levy:

As the Court is aware, we represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs") in the above-referenced matter. On behalf of Plaintiffs, we respectfully submit this letter in opposition to the motion by Defendants Bruce Jacobson, D.C., Diana Beynin, D.C., Peter Albis, D.C., Gerlando Zambuto, D.C., Robert Klass, D.C., Jongdug Park, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson D.C., P.C., and N.J. Neuro & Pain, P.C. (collectively, the "Jacobson Defendants") for an extension of time in which to respond to the Court's order to show cause "why the court should not grant plaintiffs' request for costs for their apparent willful failure to comply with the court's Order dated 8/17/16." See October 20, 2016 Docket Entry.

The Jacobson Defendants' motion – which, notably, they did not bother to make for two weeks, until the very day when they had been ordered to show cause – is simply outrageous. As the Court may note, the Jacobson Defendants do not even bother to explain why they waited two weeks, until the very same day when their response to the Court's order to show cause was due, before making the present application. Though the Jacobson Defendants' present counsel moved to withdraw on the day their response to the order to show cause was due (see Docket No. 85), and though new counsel appeared for the Jacobson Defendants that same day (see Docket No. 84), this hardly explains why the Jacobson Defendants did not use the two weeks since the Court's order to show cause to muster an appropriate response to the Court's order. Nor, for that matter, does it explain why the Jacobson Defendants did not earlier seek an enlargement of time in which to respond to the Court's order to show cause. Notably, the motion to

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000
F 516.357.3333

477 Madison Avenue
New York, NY  10022-5843
T 212.455.9555
F 212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460
F 201.489.0495



Honorable Robewrt M. Levy
November 4, 2016
Page 2

withdraw that has been filed by the Jacobson Defendants' counsel does not explain what, if anything, the Jacobson Defendants have been doing in the two weeks since the Court's order to prepare a response to the Court's order. See Docket No. 85, passim. Instead, it simply makes various vague and inchoate references to differences of opinion between the Jacobson Defendants and their counsel regarding litigation strategy. While Plaintiffs do not expect the Jacobson Defendants' counsel to divulge client confidences in their motion to withdraw, one wonders whether the putative "differences of opinion" related to the Jacobson Defendants' total failure to meet their discovery obligations in this case, or whether the motion to withdraw is simply another machination aimed at delaying the ultimate unravelling of the Jacobson Defendants' massive fraudulent scheme. See Docket No. 1, passim. Either way, neither the Jacobson Defendants nor their counsel have explained what, if anything, they have been doing for the past two weeks to comply with the Court's order to show cause, or why they waited until the day their response to the order to show cause was due before seeking an extension of time.

What is clear are the events that gave rise to the Court's order to show cause. First, GEICO served its discovery requests on the Jacobson Defendants four and a half months ago, on June 14, 2016. See Docket No. 79. On August 1, 2016, after the Jacobson Defendants completely ignored the discovery requests, as well as GEICO's attempts to obtain responses to the discovery requests without the need for the Court's intervention, GEICO moved to compel. Id. On August 17, 2016, the Court granted the motion to compel, and ordered the Jacobson Defendants to respond to the discovery requests by August 31, 2016. See August 17, 2016 Docket Entry. In keeping with their general attitude toward this litigation, the Court, and its orders, the Jacobson Defendants simply ignored the Court's August 17, 2016 order compelling production of their discovery responses, as well as GEICO's repeated, good faith attempts to resolve their non-compliance without the Court's intervention. As a result, GEICO was forced to file a second motion to compel. See Docket No. 83. The Jacobson Defendants did not even bother to oppose this second motion to compel, most likely because they had no legitimate explanation for their apparent contempt for this Court and its orders. Thus, on October 20, 2016, the Court granted Plaintiffs' second motion to compel, and also issued the order to show cause, directing the Jacobson Defendants to "show cause, on or before 11/3/16, why the court should not grant plaintiffs' request for costs for their apparent willful failure to comply with the court's Order dated 8/17/16." See October 20, 2016 Docket Entry.

To-date, the Jacobson Defendants still have not produced a single page of discovery to Plaintiffs, despite the fact that the Court issued its first order compelling them to provide their discovery more than two-and-a-half months ago.

In this context, it is worthwhile to note how another Court in this District dealt with machinations of this type. In Allstate Insurance Company v. Tapper, M.D. et al., E.D.N.Y. Docket No. 1:14-cv-05410-BMC



Honorable Robewrt M. Levy
November 4, 2016
Page 3

– a similar no-fault insurance fraud case – Judge Brian M. Cogan had ordered various of the defendants to show cause, by August 12, 2015, as to why "substantial sanctions should not be issued, including monetary sanctions, deeming certain facts admitted, precluding defendants from proving issues on which they are alleged to have blocked discovery, striking of pleadings, and/or rendering a default judgment against any disobedient defendant, for their failure to produce documents by the relevant discovery deadlines." See Tapper, supra, at August 7, 2015 Docket Entry. Unlike the Jacobson Defendants herein, the Tapper defendants did not wait until the day their response to the order to show cause was due before engineering a "substitution of counsel" in an attempt to delay their obligation to comply with Judge Cogan's order. Instead, the Tapper defendants' counsel sought to be relieved on August 7, 2015, the same day when Judge Cogan issued his order to show cause. The Tapper defendants also contended that their principal could not participate in discovery because he supposedly had suffered a heart attack. See Tapper, supra, at Docket Nos. 133-135.

Judge Cogan saw through these machinations, struck the answer of the supposed "heart attack victim", and imposed $25,000.00 in sanctions on the other, non-compliant Tapper defendants. See Tapper, supra, at August 13, 2015 Docket Entry.

Plaintiffs respectfully request that, at a minimum, the same result should obtain in this case. The Jacobson Defendants' conduct in this case has been a study in dissembling and evasion. They have not produced a page of discovery in flagrant disregard of not one, but two, of this Court's orders (three, if the Court counts their failure to respond to the order to show cause by the due date as a separate violation). The motion to withdraw that has been filed by their counsel does not even begin to explain why the Jacobson Defendants have failed to comply with the Court's orders, nor does it explain why they did not seek an enlargement of time to respond to the Court's order to show cause at any time prior to the due date for their response.

Under the circumstances, Plaintiffs respectfully submit that default judgment should be entered against the Jacobson Defendants pursuant to Fed. R. Civ. P. 37(b), or – in the alternative – that the Court levy an appropriate, progressively-escalating monetary sanction on the Jacobson Defendants for each day after today in which they fail to provide full and complete discovery responses to Plaintiffs in accordance with the Court's prior discovery orders.

We appreciate the Court's attention to this matter.



Honorable Robewrt M. Levy
November 4, 2016
Page 4


Respectfully submitted,

RIVKIN RADLER LLP

/s/ Max Gershenoff

Max Gershenoff


cc:     All counsel via ECF.