UNITED STATES DISTRICT COURT                    <u>NOT FOR PUBLICATION</u>
EASTERN DISTRICT OF NEW YORK

---

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,
<br>
                  Plaintiffs,                                  <u>ORDER</u>

       – against –                                       15-cv-07236 (ERK) (RML)

BRUCE      JACOBSON,      D.C.,      BMJ
CHIROPRACTIC P.C., NJ PAIN TREATMENT,
P.C., JACOBSON CHIROPRACTIC, P.C., DR.
BRUCE JACOBSON DC P.C., NJ NEURO &
PAIN, P.C., DIANA BEYNIN D.C., PETER
ALBIS, D.C., GERLANDO ZAMBUTO, D.C.,
STEPHEN GIORGIO, D.C., ROBERT KLASS,
D.C., DIPTI PATEL, D.C., JONGDUG PARK,
D.C., HAROLD JAMES, M.D., TIMOTHY
MORLEY, D.O., ANTONIO CORONA, M.D.,
AZUBUOGO AJUDUA, M.D. a/k/a AZU
AJUDUA, M.D., THOMASINA STRIANO, D.C.,
BHUPINDER SINGH SAWHNEY, M.D.,
SHEILA SOMAN, M.D., and JOHN DOE
DEFENDANTS "1" – "10",

                  Defendants.

---

KORMAN, *J.*:

      This case involves allegedly fraudulent billing practices by defendant chiropractic firms

resulting in millions of dollars in claims against plaintiff insurers GEICO et al. ("GEICO").  On

February 3, 2016, a consent order and injunction was entered providing that, "pending the final

disposition of this action," Bruce Jacobson, Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ

Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson DC P.C., and NJ Neuro &

Pain, P.C. (the "Jacobson defendants") are enjoined from "commencing or prosecuting lawsuits,

arbitrations or other proceedings seeking to collect money from GEICO . . . including but not

limited to the lawsuits and arbitral proceedings they already have commenced against GEICO."

ECF No. 42.  The Jacobson defendants had stipulated to this injunction in exchange for the consent order, which vacated entries of default against them.  *See id.*  On December 12, 2016, the Jacobson defendants moved to dissolve the consent order and injunction.  They argue that dissolution is warranted because of "changed circumstances," namely, that defendant Bruce Jacobson has since suffered from "severe economic hardship."  *See* ECF No. 110-3, Exh. A ("Even though I have currently lost one-half of my revenue stream, all of my personal expenses [consisting of 'approximately $25,000/month'] . . . have remained the same.").

"In this Circuit, the burden on a party seeking to modify a preliminary injunction is not entirely clear.  Other Courts of Appeals, including the First and Third Circuits, have required such a party to show that modification is justified by a 'significant change in facts or law.'  A number of district courts in this Circuit have applied this standard."  *Lawsky v. Condor Capital Corp.*, No. 14 Civ. 2863 (CM), 2014 WL 3858496, at *5 (S.D.N.Y. Aug. 1, 2014) (citations omitted).  In the present case, it is irrelevant whether the standard is a "significant change in facts or law" as opposed to a less stringent standard, because the alleged "changed circumstances" here do not constitute any change at all.  Bruce Jacobson's alleged fifty percent decrease in revenue due to his inability to arbitrate unpaid claims was not some unforeseen event—it was the obvious consequence of stipulating to the injunction.  His conclusory declarations of his "severe economic hardship" are also unsupported by financial records of any kind, and are contradicted by the declaration of GEICO's attorney that Jacobson's bank records reveal an average annual income of approximately $400,000.  *See* ECF No. 110-2, at 5.

The Jacobson defendants also move to modify the consent order and injunction to permit them to file an unspecified "RICO counterclaim" in this action.  Again, they have not shown a change in circumstances nor grounds for modification of the injunction.  Moreover, the Jacobson defendants are not entitled to a modification of the consent order that would require GEICO to

"post a $2.92 million security bond as required by Rule 65(c)," which would "cover the losses the Jacobson Defendants will suffer in economic damages if GEICO loses its case after prolonged litigation."   ECF No. 111.   As before, the Jacobson defendants have not shown a change in circumstances nor grounds for modification.   Moreover, the alleged "changed circumstances" would not be rectified by the requested relief.   A security bond would not provide the Jacobson defendants with any present funds to deal with their "severe economic hardship."   Instead, it would only serve to guarantee payment in the event of an adverse ruling against GEICO, and the Jacobson defendants have not made any showing that they "will likely suffer harm absent the posting of a bond."   *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996).

**SO ORDERED.**

Brooklyn, New York
February 23, 2017

*Edward R. Korman*
Edward R. Korman
United States District Judge