

**RIVKIN RADLER** LLP
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

SEAN GORTON
(516) 357-3319
sean.gorton@rivkin.com

July 24, 2017

**BY ECF**
Honorable Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Government Employees Ins. Co., et al. v. Jacobson, et al.*
          Docket No. 15-cv-7236 (ERK)(RML)
          RR File No.: 005100-01007

Dear Magistrate Judge Levy:

Pursuant to Your Honor's Individual Rule 2(E), this letter serves as Plaintiffs' request for an extension of the deadline to complete fact and expert discovery.

The current deadline to complete factual discovery is August 21, 2017 and expert discovery is scheduled to be completed by December 4, 2017. Plaintiffs respectfully request an extension of time to complete: (i) fact discovery by October 23, 2017; and (ii) expert discovery by February 5, 2017.

This is the fifth request to extend the time to complete fact and expert discovery. Gary Tsirelman, Esq., counsel for Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson D.C., P.C., and NJ Neuro & Pain, P.C. (collectively the "Jacobson Defendants"), as well as Howard Foster, Esq., counsel for Gerlando Zambuto, Diana Beynin, Peter Albis, and J.D. Park, have consented to the requested extension.[1]

As the Court is aware, Plaintiffs have alleged the Jacobson Defendants' payment of impermissible kickbacks to various multidisciplinary medical clinics in exchange for patient referrals, as well as the Jacobson Defendants' performance of medical services pursuant to a pre-determined fraudulent treatment protocol. See Docket No. 1, passim. In connection with these allegations, Plaintiffs deposed Steven Kim on July 20, 2017. By way of background, Mr. Kim received approximately

---

[1] Mr. Foster is also co-counsel on behalf of Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson DC, P.C., and NJ Neuro & Pain, P.C.

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495



Honorable Robert M. Levy
July 24, 2017
Page 2

$500,000.00 over a three year period from the Jacobson Defendants. At his May 11, 2017 and May 18, 2017 deposition, Bruce Jacobson, D.C. ("Jacobson") indicated that these payments were, in part, for marketing and technician services that Mr. Kim provided. Jacobson further contended that although some of these funds were compensation for the marketing and technician services provided by Mr. Kim, a significant portion of these funds was supposedly advanced to Mr. Kim, through Jacobson's chiropractic practices, as a loan in order to cover substantial gambling debts supposedly incurred by Mr. Kim personally. Given the substantial payments made to Mr. Kim, along with Jacobson's deposition testimony, Plaintiffs had been actively trying to serve Mr. Kim with a Rule 45 deposition subpoena since early February of 2017. As confirmed by Mr. Kim at his July 20, 2017 deposition, Plaintiffs were unable to locate Mr. Kim for such a long period of time due to the fact that Mr. Kim does not have a fixed address. At the July 20, 2017 deposition, Mr. Kim testified that, among other things, he performed nerve conduction velocity ("NCV") tests for Jacobson's chiropractic practices. However, Mr. Kim further testified that he was not certified to perform the NCV tests, and that when he performed these tests, he would test the same nerves on every single patient pursuant to instructions he received from Jacobson. Furthermore, Mr. Kim indicated that he would communicate with Jacobson via text message and e-mail exchanges regarding the performance of the NCV tests. In response to this testimony, on July 21, 2017, Plaintiffs served additional Rule 34 document demands on the Jacobson Defendants requesting, among other things, the e-mails and text messages exchanged between Jacobson and Mr. Kim. A copy of Plaintiffs' July 21, 2017 Rule 34 document demands are annexed hereto as Exhibit "A". Accordingly, Plaintiffs are requesting an extension of the discovery deadline, in part, so that these documents can be properly evaluated and, if necessary, Plaintiffs can take the necessary steps to follow up on any relevant information.

In addition to the additional information regarding Mr. Kim, Plaintiffs are still working to effectuate in-hand service on the individuals subject to Your Honor's June 16, 2017 Order, Kariuki Sumter, Peter Rhee, and Rizwan Chaudhry. Similar to Mr. Kim, Plaintiffs believe that the difficulty of effectuating in-hand service on the aforementioned individuals has been compounded, in part, by the fact that these individuals may not have fixed addresses. Given the relevant information that Mr. Sumter, Mr. Rhee, and Mr. Chaudhry undoubtedly possess, Plaintiffs are requesting an extension of the discovery deadline, in part, so that Mr. Rhee, Mr. Sumter, and Mr. Chaudhry can be located and deposed. See Docket No. 122.

Finally, Plaintiffs are diligently working to finish producing the relevant insurance claim files to the Jacobson Defendants in response to the Jacobson Defendants' discovery demands. Given the large scope of the fraudulent scheme alleged in this case, there are a substantial number of relevant insurance claim files in Plaintiffs' possession, and reviewing these files for privileged material prior to production has taken a considerable amount of time. Plaintiffs are actively working to comply with their discovery obligations and fully anticipate completing their production in the coming



Honorable Robert M. Levy
July 24, 2017
Page 3

weeks.  Accordingly, Plaintiffs are requesting an extension of the discovery deadline, in part, so that Plaintiffs can finish producing relevant discovery materials with adequate time for the Jacobson Defendants to review said discovery material.

We thank the Court for its consideration of this request.

                                          Very truly yours,

                                          RIVKIN RADLER LLP

                                          Sean Gorton, Esq.

cc:    All counsel via ECF