


926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

SEAN GORTON
(516) 357-3319
sean.gorton@rivkin.com

June 11, 2018

**By ECF**
Honorable Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Government Employees Ins. Co., et al v. Jacobson, et al.*
           Docket No. 15-cv-7236(ERK)(RML)

Dear Magistrate Judge Levy:

This firm represents Plaintiffs (collectively, "GEICO" or "Plaintiffs") in the above-referenced matter. GEICO respectfully moves for an order compelling Defendants, BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson D.C. P.C., NJ Neuro & Pain, P.C. (collectively the "PC Defendants"), and Bruce Jacobson, D.C. ("Jacobson") (collectively the "Defendants") to provide full and complete responses to GEICO's First Request for Production of Documents ("Document Requests"). Copies of GEICO's relevant discovery demands are annexed hereto as Exhibit "A". Specifically, Plaintiffs are seeking production of: (i) the Defendants' tax returns from 2012-2015[1]; and (ii) electronic communications between Jacobson and his purported employees.

The parties have met and conferred on multiple occasions regarding these issues, and although Defendants have agreed to produce the aforementioned discovery items on multiple occasions, the Defendants have failed to produce any of the aforementioned tax returns or outstanding electronic communications. With fact discovery scheduled to close on June 20, 2018, Plaintiffs respectfully request an order compelling the Defendants to immediately produce the aforementioned discovery items.

---

[1] Defendants' tax returns for 2016 and 2017 are the subject of a separate, currently pending, motion to compel. See Docket No. 127. Notably, in opposition to this previous motion to compel, the Defendants represented that they "agreed to produce tax returns or authorizations for their release for 2012 through 2015." See Docket No. 129. However, despite Plaintiffs' repeated requests, and Defendants' representations, they have failed to produce their tax returns from 2012-2015, nor have they provided any date certain by which they will do so.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000  F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777



Regarding the outstanding electronic communications, GEICO originally served their Document Requests in April of 2016. Among other things, GEICO's Document Requests included a request for "[a]ll documents concerning or reflecting communications between [Jacobson] and any individuals who are claimed to have performed services for the [PC Defendants]." See Ex. A, at Request No. 26. Following their initial document productions, the Defendants represented that all responsive documents in their possession had been produced. Of note, the Defendants had not produced a single communication between Jacobson and any individual who purportedly performed services for the PC Defendants.

On January 11, 2018, the Defendants deposed Stephen Giorgio, D.C. ("Giorgio"), who purportedly provided chiropractic services on behalf of the Defendants. During Giorgio's deposition, Defendants' counsel referenced fifty-five (55) separate dates where Jacobson and Giorgio exchanged text messages. The relevant portion of the Giorgio deposition transcript is annexed hereto as Exhibit "B". As detailed above, the Defendants had previously failed to produce a single text message or electronic communication. Accordingly, Plaintiffs sent the Defendants a deficiency letter on January 12, 2018. A copy of the January 12, 2018 deficiency letter is annexed hereto as Exhibit "C". The parties subsequently met and conferred, and the Defendants agreed to produce any responsive text messages or electronic communications. Following this development, on February 13, 2018, before Defendants produced any responsive text messages or electronic communications, the Defendants deposed Dipti Patel, D.C. ("Patel"), who also purportedly provided chiropractic services on behalf of the PC Defendants. During Patel's deposition, Defendants' counsel referenced fifty-five (55) separate dates where Jacobson and Patel exchanged text messages. At this point during the deposition, Plaintiffs' counsel reiterated their request for the production of the relevant communications. The relevant portion of the Patel deposition transcript is annexed hereto as Exhibit "D".

On March 2, 2018, nearly two years after Plaintiffs' initial Document Requests and nearly two months after Plaintiffs' initial deficiency letter, Defendants' counsel made relevant text messages available for inspection at their office. Troublingly, sixteen (16) dates which were referenced during the Giorgio deposition as dates on which communications were exchanged were entirely unaccounted for, and none of the fifty-five (55) dates which were referenced during the Patel deposition had been produced. After the undersigned notified Defendants' counsel of this discrepancy, Defendants' counsel indicated that Jacobson was searching for additional responsive text messages. Defendants' counsel further indicated that, in the event Jacobson could not locate the unaccounted for text messages, Jacobson would provide an affidavit indicating that all responsive text messages and electronic communications in the Defendants' current possession had been produced. To date, despite multiple additional meet and confer teleconferences, the Defendants have not produced any additional responsive text messages or the aforementioned affidavit.



Honorable Robert M. Levy
June 11, 2018
Page 3

Accordingly, with fact discovery scheduled to close on June 20, 2018, Plaintiffs respectfully request that the Court issue an order compelling the Defendants to immediately provide full and complete responses to Plaintiffs' Document Requests by producing the tax returns and electronic communications the Defendants previously agreed to produce.

We appreciate the Court's attention to this matter.

Very truly yours,

RIVKIN RADLER LLP

Sean Gorton, Esq.

cc: All counsel via ECF