**GTPC** | **GARY TSIRELMAN P.C.**

ATTORNEYS & COUNSELORS AT LAW

129 LIVINGSTON STREET
SECOND & THIRD FLOORS
BROOKLYN, NY 11201
T: (718) 438-1200 • F: (718) 438-8883
nbowers@gtmdjd.com

| Gary TSIRELMAN M.D. | Stefan BELINFANTI | Douglas MACE |
| Darya KLEIN | Ilya MURAFA | Jennifer RAHEB |
| Selina CHIN | Nicholas BOWERS | Evan POLANSKY |
| David GOTTLIEB | | |

8/15/2018

BY ECF
Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Government Employees Insurance Company, et al., v. Bruce Jacobson, et al., Index No. 15-cv-07236*; Motion to Extend Discovery Deadlines

Dear Judge Levy:

    We write on behalf of Defendants Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson DC, P.C., and NJ Neuro & Pain, P.C., to request a sixty-day extension of the discovery schedule in this matter.

    Defendants request this extension to complete their deposition Hazel Brown, a former employee of Plaintiffs heavily involved into the investigation of Defendants. As set forth in previous filings with this Court, Defendants were not able to subpoena Ms. Brown until June of 2018 because Plaintiffs had not supplied Defendants with her address or other contact information, which led to Defendants' prior request to extend the discovery schedule. Defendants completed service of Ms. Brown on June 13, 2018. Ms. Brown responded through counsel shortly thereafter and agreed to sit for a deposition on August 13, 2018. Ms. Brown attended the deposition for approximately two and a half hours on August 13, 2018, before unilaterally terminating the deposition.

    Defendants require an extension of the discovery schedule to complete the deposition of Ms. Brown and to complete any follow-up discovery stemming from her testimony once it is complete. Defendants attempted to schedule a date to complete the deposition without judicial intervention. Counsel for Ms. Brown indicated that she would not complete the testimony unless compelled by the Court. Defendants will file a motion to compel Ms. Brown to complete her deposition as soon as their counsel receives and reviews the transcript of Ms. Brown's truncated deposition. Ms. Brown's testimony is both invaluable and necessary because she testified that

she conducted the field investigation into Defendants upon which Plaintiffs have based this case. Ms. Brown has been the only person with first-hand knowledge of Plaintiffs' investigation able to provide any testimony in this matter; Plaintiffs' proffered witness pursuant to Federal Rule of Civil Procedure 30(b)(6) did not participate in the investigation and based her testimony on information and documents purportedly gathered and prepared by Ms. Brown. Additionally, Ms. Brown testified that there may be other fact witnesses regarding Plaintiffs' investigation into Defendants prior to the instant litigation, although Ms. Brown terminated the deposition prior to identifying any such witnesses. Should her testimony remain incomplete, Defendants would be deprived of critical information about the documents and information forming the basis of Plaintiffs' Complaint.

A 60-day extension is necessary to allow time for counsel to file and resolve a motion to compel Ms. Brown to complete her deposition and to allow Defendants the opportunity to seek any additional documents and information from Ms. Brown, Plaintiffs, or other parties Ms. Brown may identify in her testimony. Furthermore, the conduct of Ms. Brown and her counsel prior to and during the deposition suggest that they may obstruct and delay the deposition as long as possible. Ms. Brown and her counsel required that Ms. Brown not sit for her deposition until mid-August. Once she sat for the deposition, Ms. Brown consistently provided evasive and non-responsive testimony to such an extent that Mr. Tsirelman called the Court's chambers to seek a ruling on her conduct.[1] It is therefore possible that Ms. Brown may attempt to further delay the resolution of any motion seeking to compel her to complete her testimony. A 60-day extension would set a firm deadline for the resolution of motion practice and contain any attempt by Ms. Brown to further delay this case.

Plaintiffs do not consent to this extension request because they believe Ms. Brown was forced to end the deposition based on the conduct of Defendants' counsel Mr. Tsirelman. This is not the case. Defense counsel treated Ms. Brown with respect and maintained a calm demeanor in her presence both on and off the record. Ms. Brown's decision to terminate the deposition was unilateral and not based on any egregious or inappropriate behavior or conduct on the part of Mr. Tsirelman. Defendants await a transcript of the deposition in part because it will demonstrate that Ms. Brown unilaterally terminated the deposition without provocation from Defendants' counsel.

Defendants propose the following changes to the discovery schedule:

    a. Close of fact discovery moved from August 20, 2018 to October 19, 2018;
    b. Plaintiffs' reports due date extended from September 17, 2018 to November 16, 2018;
    c. Defendants' reports due date extended from October 17, 2018 to December 17, 2018;

---

[1] The Court's clerk informed Mr. Tsirelman that the Court was unavailable, so Mr. Tsirelman continued with the deposition.

      d. Expert depositions completion date extended from November 20, 2018 to January 21, 2018;

      e. Requests for pre-motion conferences for summary judgment motions due submitted extended from December 21, 2018 to February 21, 2018.

This extension would not affect any other scheduled deadlines or conferences.

Thank you.

Cc: All Counsel via ECF

Respectfully,
/s/ _____
Nicholas Bowers, Esq.
*Counsel for Defendants named herein*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201