

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

**SEAN GORTON**
(516) 357-3319
sean.gorton@rivkin.com

February 14, 2019

**BY ECF**
Honorable Robert M. Levy
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Government Employees Ins. Co., et al. v. Jacobson, et al.*
           Docket No. 15-cv-7236(ERK)(RML)

Dear Magistrate Judge Levy:

This firm represents Plaintiffs (collectively, "GEICO" or "Plaintiffs") in the above-referenced matter. Plaintiffs write in opposition to Gary Tsirelman, P.C.'s motion to: (i) withdraw as the counsel of record for Defendants Bruce Jacobson, D.C., BMJ Chiropractic, P.C., NJ Pain Treatment, P.C., Jacobson Chiropractic, P.C., Dr. Bruce Jacobson DC, P.C., and NJ Neuro & Pain, P.C. (collectively, the "Defendants"); and (ii) stay discovery and adjourn all scheduled deadlines pending the resolution of Gary Tsirelman, P.C.'s motion to withdraw. See Docket No. 162. In this context – and notably – Gary Tsirelman, P.C. is making this motion to withdraw just two days before the Defendants are due to complete their expert disclosures and produce their expert reports on February 15, 2019.

As the Court is aware, this is not the Defendants' first eleventh-hour attempt to adjourn the deadline to produce their expert reports. Pursuant to the Court's August 22, 2018 Order, the Defendants were originally required to produce their expert reports on December 17, 2018. See Docket No. 139. Following an October 4, 2018 status teleconference, the "[e]xpert discovery schedule [remained] unchanged". See October 4, 2018 Minute Entry. On December 13, 2018, nearly one month after Plaintiffs served their expert reports and four days before the Defendants were required to produce their expert reports, the Defendants requested a 60 day extension of the expert discovery schedule. See Docket No. 157. Over Plaintiffs' objection, Your Honor granted the Defendants' request with the caveat that "<u>these deadlines are final</u>." See Jan. 3, 2019 Order (emphasis added). More recently, during a January 30, 2019 teleconference, Defendants' counsel represented that the Defendants had retained experts and would be producing their expert reports by the February 15, 2019 deadline. Now, two days before the Defendants' expert reports are due, the Defendants seek to adjourn all deadlines until Gary Tsirelman, P.C.'s motion to withdraw as counsel is resolved and, in the event Gary Tsirelman, P.C.'s motion to withdraw is granted, until the Defendants obtain new counsel.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000  F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777



Honorable Robert M. Levy
February 14, 2019
Page 2

Plaintiffs respectfully submit that given that: (i) the Defendants have had 90 days to respond to Plaintiffs' expert reports; (ii) the Court explicitly ordered that the current deadlines are final; (iii) during the January 30, 2019 teleconference Defendants' counsel represented that they would produce expert reports by the February 15, 2019 deadline; and (iv) Gary Tsirelman, P.C. is, as of the filing of this motion, still the Defendants' counsel of record, the February 15, 2019 deadline for the Defendants to complete their expert disclosures and produce their expert reports should remain in full effect. See Government Employees Ins. Co. v. Weili Li, L.A.c, Dkt. No. 1:13-cv-02327, at Dec. 6, 2013 Order (E.D.N.Y. 2013) (M.J. Levy) (denying motion to withdraw as counsel filed four days before court ordered discovery deadline); Allstate Insurance Company v. Tapper, M.D., Dkt. No. 1:14-cv-05410, at Docket Nos. 133-134, Aug. 7, 2015 Order (E.D.N.Y. 2014)(maintaining court-ordered case management deadlines despite attempt by counsel to withdraw at the last minute before one of the deadlines).

The Defendants' latest attempt to delay these proceedings is consistent with their conduct throughout this litigation. By way of background and as the Court is aware, Plaintiffs initially filed their Complaint in December 2015. See Docket No. 1. After various of the Defendants failed to timely appear, Plaintiffs requested that the Clerk of the Court enter certificates of default against those Defendants. See Docket Nos. 29-31, 36. The defaults were eventually set aside, and Defendants' first counsel of record, Steven Super, Esq., filed a notice of appearance. See Docket Nos. 38-40. After the Defendants repeatedly failed to comply with their discovery obligations, Your Honor ordered the Defendants to "show cause, on or before 11/3/16, why the court should not grant plaintiffs' request for costs for their apparent willful failure to comply" with the Court's previous discovery Order. See Oct. 20, 2016 Order. Incredibly, on November 3, 2016, the same date the Defendants' were required to respond to the Court's Order to Show Cause, Mr. Super filed a motion to withdraw as the Defendants' attorney, and citied, among other things, irreconcilable differences. See Docket No. 85. The Court granted this request and Gary Tsirelman, P.C., along with Howard W. Foster, Esq. and Matthew Galin, Esq., proceeded as counsel of record for the Defendants. See Docket Nos. 84, 89, 93, 94; Nov. 7, 2016 Order. Messrs. Foster and Galin themselves subsequently moved to withdraw as counsel, claiming – like Mr. Super previously claimed, and like Gary Tsirelman, P.C. now claims – that their relationship with the Defendants was beset with "irreconcilable differences". See Docket No. 147.

Despite retaining new counsel, the Defendants continued to fail to comply with their discovery obligations, which, as the Court is aware, has necessitated multiple filings and hearings. See, e.g., Docket Nos. 127, 130, 132, 135, 148, 149, 151, 156. Most notably, the Defendants, to date, have still failed to produce signed copies of their tax returns. Briefly, Plaintiffs served their initial request for the Defendants' tax returns in April 2016, and Defendants initially indicated that they would provide the requested tax returns in July 2016. Plaintiffs were then forced to file nine letters regarding the



Honorable Robert M. Levy
February 14, 2019
Page 3

Defendants' tax returns, and the Court held three hearings regarding the Defendants' tax returns, before the Defendants eventually were forced to concede that, with one exception, they have not filed a single income tax return in seven years. See Docket No. 159-1. In making this concession, the Defendants, by way of sworn declaration, indicated that they would retroactively be filing their delinquent tax returns no later than January 25, 2019. See id. at ¶ 4 ("The PC Defendants and I will be filing federal and state tax returns… within the next two weeks"). Despite this representation, the Defendants have still failed to file their tax returns and, by extension, produce signed copies of their tax returns.

In sum, the Defendants have repeatedly failed to comply with their discovery obligations throughout this litigation and now have purportedly suffered an irreparable breakdown in the attorney-client relationship with three separate law firms – all of which have occurred either in the midst of discovery disputes or on the eve of deadlines set by the Court.

Accordingly, Plaintiffs respectfully request that: (i) the Defendants be required to complete their expert disclosures and produce their expert reports in accordance with the current deadline of February 15, 2019; and (ii) the Defendants should be ordered to produce signed copies of their tax returns by February 21, 2019.

We thank the Court for its continuing attention to this matter.

Very truly yours,

RIVKIN RADLER LLP

Sean Gorton, Esq.

cc:   All counsel via ECF