UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE CO.,
GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY and GEICO CASUALTY CO.,       Docket No.:
       1:15-cv-07236(ERK)(RML)

       Plaintiffs,

       -against-

BRUCE JACOBSON, D.C., et al.,

       Defendants.
-----------------------------------------------------------------------X

## DECLARATION OF MAX GERSHENOFF

Max Gershenoff, pursuant to 28 U.S.C. § 1746, hereby declares the truth of the following:

1. I am a partner with the law firm of Rivkin Radler LLP and am counsel for Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively "Plaintiffs" or "GEICO") in this action. I have personal knowledge of the facts set forth in this declaration, and would testify as to them in a court of law if required to do so.

2. I respectfully submit this declaration in support of GEICO's motion for entry of default judgment against Defendants BMJ Chiropractic, P.C. ("BMJ Chiropractic"), NJ Pain Treatment, P.C. ("NJ Pain"), Jacobson Chiropractic, P.C. ("Jacobson Chiropractic"), Dr. Bruce Jacobson DC, P.C. ("Dr. Bruce Jacobson"), and NJ Neuro & Pain, P.C. ("NJ Neuro") (collectively, the "Defaulting Defendants"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, together with such other and further relief as the Court may deem just and proper.

3. Specifically, GEICO seeks a default judgment:

(i) on its First Cause of Action against BMJ Chiropractic, NJ Pain, Jacobson Chiropractic, Dr. Bruce Jacobson, and NJ Neuro for a Declaratory Judgment;

(ii) on its Fourth, Ninth, Fourteenth, Nineteenth, and Twenty-Fourth Causes of Action against BMJ Chiropractic, NJ Pain, Jacobson Chiropractic, Dr. Bruce Jacobson, and NJ Neuro for common law fraud;

(iii) on its Sixth, Eleventh, Sixteenth, Twenty-First, and Twenty-Sixth Causes of Action against BMJ Chiropractic, NJ Pain, Jacobson Chiropractic, Dr. Bruce Jacobson, and NJ Neuro for unjust enrichment; and

(iv) on its Thirty-Fourth Cause of Action against NJ Pain and NJ Neuro for violation of the New Jersey Insurance Fraud Prevention Act.

## I. Relevant Facts

### A. Procedural History

4. GEICO commenced this action on December 18, 2015. See Docket No. 1.

5. True and correct copies of the Summons and Complaint were served on each of the Defaulting Defendants and proofs of service subsequently were filed with the Court via ECF. See Docket Nos. 9, 14, 15, 21, 22.

6. The Defaulting Defendants initially retained counsel and filed an Answer on December 27, 2016. See Docket No. 108.

7. On February 13, 2019, the Defaulting Defendants' counsel moved to withdraw as counsel for, among others, the Defaulting Defendants, citing irreconcilable differences with his clients. See Docket No. 162.

8. On March 20, 2019, the Court granted the motion to withdraw as counsel and provided, among others, the Defaulting Defendants with 45 days to find new counsel. See Mar. 20, 2019 Minute Entry.

9. To date, the Defaulting Defendants, which are all corporations, have not retained counsel. Due to the Defaulting Defendants' failure to retain counsel and "otherwise defend" the action, the Clerk of the Court, on GEICO's request, entered the Defaulting Defendants' respective defaults on May 21, 2019. See Docket Nos. 172-176.

**B.    An Overview of GEICO's Allegations Against the Defaulting Defendants**

10. The Complaint describes the Defaulting Defendants' fraudulent scheme in great detail. See Docket No. 1, passim. As set forth more fully in the Complaint, this action seeks to recover monies that the Defaulting Defendants have wrongfully stolen from GEICO by submitting, and causing to be submitted, thousands of fraudulent no-fault insurance charges relating to medically unnecessary, illusory, and otherwise unreimbursable healthcare services, including initial examinations, electrodiagnositc testing, chiropractic manipulation under anesthesia, chiropractic manipulation without anesthesia, and physical therapy services (collectively the "Fraudulent Services"), that allegedly were provided to New York automobile accident victims ("Insureds"). See Docket No. 1, passim.

11. In particular, GEICO alleges that:

(i) the Fraudulent Services were not medically necessary and were provided – to the extent that they were provided at all – pursuant to pre-determined fraudulent protocols designed solely to financially enrich the Defendants, rather than to treat or otherwise benefit the Insureds who purportedly were subject to them;

(ii) in many cases, the Fraudulent Services never were provided in the first instance;

(iii) the billing codes used for the Fraudulent Services misrepresented and exaggerated the level of services that purportedly were provided in order to inflate the charges submitted to GEICO;

(iv) the Fraudulent Services were provided – to the extent they were provided at all – pursuant to illegal kickback and self-referral arrangements amongst the Defaulting Defendants and others;

(v) NJ Pain and NJ Neuro failed to meet the applicable New York licensing requirements to provide services, including initial examinations, in New York;

(vi) neither NJ Pain, NJ Neuro, nor the underlying Fraudulent Services they purportedly provided were in compliance with all relevant laws and regulations governing healthcare practice in New Jersey; and

(vii) in many cases, the Fraudulent Services were provided – to the extent they were provided at all – by independent contractors, rather than by employees of the Defaulting Defendants.

See Docket No. 1, ¶¶ 97-426, passim.

12. As a result of the above, GEICO seeks recovery of more than $1,100,000.00 that GEICO paid in reliance on the fraudulent billing that the Defaulting Defendants submitted or caused to be submitted to GEICO. See Docket No. 1, passim.

13. In addition to seeking recovery of the money that GEICO paid in reliance on the fraudulent billing that the Defaulting Defendants submitted or caused to be submitted, GEICO seeks a declaration that it is not obligated to pay more than $4,700,000.00 in additional, pending, fraudulent claims submitted, or caused to be submitted, by the Defaulting Defendants seeking payment for the Fraudulent Services. See Docket No. 1, passim.

## II. GEICO's Damages and the Declaration of Robert Weir

14. Annexed hereto, as Exhibit "A", is the Declaration of Robert Weir, GEICO's Claims Manager, and accompanying Tax Identification Runs ("TIN Runs"), Claim Runs, and Litigation Runs, which set forth, among other things, the total amounts that GEICO voluntarily paid in reliance on the Defaulting Defendants' fraudulent billing, as well as the total amount of unpaid claims that currently are in dispute amongst the parties.

15. Based on the TIN Runs, the damages attributable to GEICO's voluntary payments to the Defaulting Defendants are $1,176,115.79. Specifically:

(i) $380,007.04 to BMJ Chiropractic;

4

 (ii) $142,988.16 to NJ Pain;

 (iii) $188,875.41 to Jacobson Chiropractic;

 (iv) $423,087.99 to Dr. Bruce Jacobson; and

 (v) $41,157.19 to NJ Neuro.

See Ex. A, at ¶ 8.

 16. Based on a comparison of the TIN Runs and Claim Runs, the amount of pending claims submitted, or caused to be submitted, by the Defaulting Defendants is $4,759,231.00. Specifically:

 (i) $1,372,411.38 submitted by BMJ Chiropractic;

 (ii) $1,003,925.30 submitted by NJ Pain;

 (iii) $359,129.79 submitted by Jacobson Chiropractic;

 (iv) $1,366,348.12 submitted by Dr. Bruce Jacobson; and

 (v) $657,416.41 submitted by NJ Neuro.

See Ex. A, at ¶ 10.

 17. Based on the Litigation Runs, the Defaulting Defendants are actively seeking to collect on claims totaling $1,101,993.51 through various arbitrations and lawsuits. In particular:

 (i) BMJ Chiropractic is pursuing $137,724.71 worth of billing through 73 arbitrations;

 (ii) NJ Pain is pursuing $656,008.92 worth of billing through 209 arbitrations;

 (iii) Jacobson Chiropractic is pursuing $241,228.04 worth of billing through 123 arbitrations;

 (iv) Dr. Bruce Jacobson is pursuing $14,551.44 worth of billing through 1 arbitration and 1 litigation; and

 (v) NJ Neuro is pursuing $52,480.40 worth of billing through 18 arbitrations.

See Ex. A, at ¶ 11.

### III. Interest

18. Pursuant to C.P.L.R. §§ 5001 and 5004, GEICO submits that it is entitled to pre-judgment interest at the rate of 9% per annum in the amounts set forth in the chart which is annexed hereto as Exhibit "B". The interest has been proposed using a calculation method less advantageous to GEICO, but easier for the Court to evaluate and calculate. Specifically, the interest was calculated at 9% per annum using the start date of January 1 of the year following the year in which the payments were made through and including December 31, 2019 (an estimated judgment entry date).

### IV. No Prior Request for this Relief

19. No prior request for the relief sought by GEICO has been made to this Court or any other tribunal.

### V. Proposed Default Judgment

20. A proposed Order granting Default Judgment is annexed hereto as Exhibit "C".

### VI. Certificate of Mailing

21. Pursuant to Local Civil Rule 55.2(c), I hereby certify that the papers submitted in support of this motion have been mailed to the Defaulting Defendants at their last known addresses. Specifically:

**BMJ Chiropractic, P.C.**
1219 Liberty Avenue
Hillside, New Jersey 07205

**NJ Pain Treatment, P.C.**
1155 West Chestnut Street
Suite #1D
Union, New Jersey 07083

**Jacobson Chiropractic, P.C.**
1219 Liberty Avenue

Hillside, New Jersey 07205

**Dr. Bruce Jacobson DC, P.C.**
1219 Liberty Avenue
Hillside, New Jersey 07205

**NJ Neuro & Pain, P.C.**
1155 West Chestnut Street
Suite #1D
Union, New Jersey 07083

I declare under penalties of perjury that the foregoing is true and correct. Executed at Uniondale, New York on June 3rd, 2019.

Max Gershenoff