

WWW.RIVKINRADLER.COM

**MAX GERSHENOFF**
PARTNER
(516) 357-3444
max.gershenoff@rivkin.com

July 18, 2019

**VIA ECF**

Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Government Employees Ins. Co., et al. v. Jacobson, et al.*
              Docket No. 15-cv-7236-ERK-RML
              RR File No.:  005100-01007

Dear Magistrate Judge Levy:

As the Court is aware, we represent Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs") in the above-referenced matter.

On behalf of Plaintiffs, we respectfully request that the Court make clear that its July 17, 2019 Order – which granted "Defendants" another extension of time in which to complete their expert disclosures – applies only to Defendants Bruce Jacobson, D.C., Diana Beynin, D.C., Peter Albis, D.C., Gerlando Zambuto, D.C., and Jongdug Park, D.C. (collectively the "Non-Defaulted Defendants"), and not to defaulted Defendants BMJ Chiropractic, P.C., NJ Pain Treatment, P.C. (, Jacobson Chiropractic, P.C., Dr. Bruce Jacobson DC, P.C., and NJ Neuro & Pain, P.C. (collectively the "Defaulted Defendants").

Plaintiffs respectfully submit that there is good cause for this request. In particular, and as the Court is aware, the Defaulted Defendants are in default, and are the subject of a motion for default judgment that is due to be fully-submitted and pending before District Judge Korman today. See Docket Nos. 172-176, 180-181, June 18, 2019 Minute Entry.

Because of their default, the Defaulted Defendants lacked any standing to move for leave to serve untimely expert disclosures in the first instance, nor do they have standing – at the present time – to serve expert disclosures, because they remain in default. See, e.g., Moore's Federal Practice §

926 RXR Plaza
Uniondale, NY  11556-0926
T 516.357.3000
F 516.357.3333

477 Madison Avenue
New York, NY  10022-5843
T 212.455.9555
F 212.687.9044

21 Main Street
Court Plaza South
West Wing, Suite 158
Hackensack, NJ  07601-7021
T 201.287.2460
F 201.489.0495



Honorable Robert M. Levy
July 18, 2019
Page 2

55.03(2), quoting Clifton v. Tomb, 21 F.2d 893, 897 (4th Cir. 1927)("'When a party is in default ... the party himself has lost his standing in court, cannot appear in any way, cannot adduce any evidence, and cannot be heard at the final hearing.'")

Even so, and as Plaintiffs pointed out in opposition (see Docket No. 191, fn. 1), the motion for leave to serve untimely expert disclosures improperly was made in the name of not only the Non-Defaulted Defendants, but also the Defaulted Defendants. See Docket No. 190. It appears from the language of the Order granting the motion that not only the Non-Defaulted Defendants have been granted leave to serve untimely expert disclosures, but also that the Defaulted Defendants have been granted leave to serve the untimely expert disclosures.

Plaintiffs respectfully submit, however, that the Defaulted Defendants cannot serve expert disclosures because they are in default. Nor did they have standing in the first instance to join in the Non-Defaulted Defendants' motion for leave to serve untimely expert disclosures.

Accordingly, Plaintiffs respectfully request that the Court clarify its July 17th Order, to make clear that it applies only to the Non-Defaulted Defendants, and does not give the Defaulted Defendants leave to serve expert reports despite their current state of default.

Of course, in the event that Judge Korman denies GEICO's motion for default judgment against the Defaulted Defendants, and grants the Defaulted Defendants' cross-motion to vacate their defaults, Plaintiffs will not object if – at that time – the Defaulted Defendants seek to rely on expert disclosures served by the Non-Defaulted Defendants.

We appreciate the Court's attention to this matter.

                                        Respectfully submitted,

                                        RIVKIN RADLER LLP

                                        /s/ Max Gershenoff
                                        Max Gershenoff

cc:      All counsel via ECF.