

**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000   F 516.357.3333

**SEAN GORTON**
(516) 357-3319
sean.gorton@rivkin.com

September 12, 2019

**VIA ECF**
Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Government Employees Ins. Co., et al. v. Jacobson, et al.*
            *Docket No. 15-cv-7236(ERK)(RML)*

Dear Magistrate Judge Levy:

This firm represents Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively "GEICO" or "Plaintiffs") in the above-referenced matter. Plaintiffs respectfully move for an Order striking Defendants Bruce Jacobson, D.C., Diana Beynin, D.C., Peter Albis, D.C., Gerlando Zambuto, D.C., and Jongdug Park, D.C.'s (collectively the "Defendants") expert disclosures as they relate to James L. Hedgecock, Ph.D ("Hedgecock"), and precluding Defendants from using Hedgecock's opinions or testimony to defend this action. See Docket No. 199. While the Defendants' repeated failure to comply with multiple court orders regarding their expert discovery obligations is well documented (See Docket Nos. 158, 163, 187, 191), Plaintiffs respectfully offer the following brief summary.

Pursuant to the Court's August 22, 2018 Order, the Defendants were originally required to produce their expert reports on December 17, 2018. See Docket No. 139. On December 13, 2018, nearly one month after Plaintiffs served their expert reports and four days before the Defendants were required to produce their expert reports, the Defendants requested a 60 day extension of the expert discovery schedule. See Docket No. 157. Over Plaintiffs' objection, Your Honor granted the Defendants' request, extending the deadline until February 15, 2019, with the caveat that "these deadlines are final." See Jan. 3, 2019 Order (emphasis added). However, on February 13, 2019, Defendants' former counsel moved to withdraw, and asked to adjourn the deadline for service of Defendants' expert reports until after the motion to withdraw was resolved. See Docket No. 162. Plaintiffs opposed this motion citing the extensive delays in this case that had been caused by the Defendants' conduct. See Docket No. 163. The Court responded by scheduling a March 20, 2019 hearing on

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000   F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460   F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555   F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100   F 845.473.8777



Honorable Robert M. Levy
September 12, 2019
Page 2

Defendants' former counsel's motion to withdraw, but explicitly stated that it was not extending the February 15, 2019 deadline for the Defendants to serve their expert disclosures. See February 15, 2019 Order. Not surprisingly, the Defendants failed to serve expert disclosures by the February 15, 2019 deadline. On March 20, 2019, the Court granted former counsel's motion to withdraw, and generously extended the deadline for Defendants to serve their expert reports until April 22, 2019. See March 20, 2019 Docket Entry. In keeping with their conduct throughout this litigation, the Defendants failed to serve any expert reports on or before the April 22, 2019 deadline.

On June 7, 2019, more than one month after the April 22, 2019 deadline, Defendants' new counsel filed a notice of appearance. See Docket No. 184. Then, with the Court's leave, on June 25, 2019, Defendants filed a motion to belatedly serve their expert reports. See Docket No. 190. Plaintiffs opposed this request noting the Defendants' repeated failure to comply with court ordered deadlines and bad faith litigation practices. See Docket No. 191. However, the Court again extended the Defendants' time to serve expert reports, until July 24, 2019. See July 17, 2019 Order. In doing so, the Court found, among other things, that although "Plaintiffs' position is not without merit", "defendants have attached the expert reports and thus cut off further delay". Id. (emphasis added). On July 24, 2019 – over seven months after the original deadline to serve their expert reports – Defendants' served the expert report of, among others, Hedgecock.

After finally receiving the Defendants' expert disclosures, pursuant to Fed. R. Civ. P. 26(b)(4)(A), GEICO noticed the deposition of Hedgecock for August 23, 2019. Thereafter, in an effort to accommodate Defendants' counsel's and Hedgecock's schedules, Plaintiffs agreed to adjourn the depositions to a more convenient date. However, despite repeated attempts to secure an alternative date for Hedgecock's deposition, the Defendants have failed to propose a single alternative date for the deposition. In fact, during a September 6, 2019 meet and confer teleconference, Defendants' counsel indicated that they have been unable to contact Hedgecock.

Pursuant to Fed. R. Civ. P. 26(b)(4)(A), "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is received." A party's failure to comply with the rules regarding expert witnesses exposes the party to sanctions under Fed. R. Civ. P. 37(c), and should result in the preclusion of testimony from the pertinent experts. See generally Bender v. Lowe, 2011 U.S. Dist. LEXIS 99053 (S.D.N.Y. 2011)(precluding expert testimony where party failed to comply with order to produce expert for deposition).

In this case, it has been approximately ten months since GEICO timely served their expert reports. Since that time, despite repeated extensions, Defendants have utterly failed to comply with their discovery obligations – the most recent example being their failure to provide a single proposed date



Honorable Robert M. Levy
September 12, 2019
Page 3

for Hedgecock's deposition due to the fact that they have purportedly been unable to contact their retained expert.

Plaintiffs are cognizant of the fact that striking an expert report is a harsh sanction, however, given the Defendants' demonstrated disregard for prior deadlines, and their failure to provide dates on which Hedgecock can be deposed, Plaintiffs respectfully submit that such a remedy is warranted in this instance. Plaintiffs have already been prejudiced by the delays in this action, which – as the Court is aware – are the result of the Defendants' extensive, well-documented bad-faith litigation conduct.[1]

We thank the Court for its continuing attention to this matter.

Very truly yours,

RIVKIN RADLER LLP

Sean Gorton, Esq.

cc:   All counsel via ECF

---

[1] See, e.g., Docket No. 85 (motion to withdraw filed on same day Defendants were required to show cause why the Defendants should not be sanctioned); Docket No. 159 (declaration indicating that Bruce Jacobson, D.C. and his various professional corporations failed to file income tax returns); Docket No. 162 (motion to withdraw filed two days before discovery deadline).