UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
CO., *et al.*,

                Plaintiffs,

   -against-

BRUCE JACOBSON, D.C., *et al.*,

                Defendants.
-------------------------------------------------------------X

REPORT AND
RECOMMENDATION

15 CV 7236 (ERK)(RML)

LEVY, United States Magistrate Judge:

        By order dated July 24, 2019, the Honorable Edward R. Korman, United States District Judge, referred plaintiffs' motion for default judgment against defendants BMJ Chiropractic, P.C.; NJ Pain Treatment, P.C.; Jacobson Chiropractic, P.C.; Dr. Bruce Jacobson DC P.C.; and NJ Neuro & Pain, P.C. (the "Corporate Jacobson Defendants"), as well as those defendants' motion to vacate, to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiffs' motion for default judgment be denied and the Corporate Jacobson Defendants' motion to vacate be granted.

## BACKGROUND

        Plaintiffs Government Employees Insurance Co., Geico Casualty Company, Geico General Insurance Company, and Geico Indemnity Company ("plaintiffs" or "GEICO") commenced this no-fault insurance fraud case against more than twenty defendants on December 18, 2015. (See Complaint, dated Dec. 18, 2015, Dkt. No. 1.) On May 5, 2016, the Corporate Jacobson Defendants and others moved to dismiss the complaint (see Motion to Dismiss, filed May 5, 2016, Dkt. No. 74), but on December 6, 2016, after a change of counsel, they withdrew the motion (see Motion to Withdraw, dated Dec. 6, 2016, Dkt. No. 95). They answered the

complaint on December 27, 2016.  (See Answer, dated Dec. 27, 2016, Dkt. No. 108.)  The parties then engaged in discovery, with various motions addressed and resolved and the deadlines extended numerous times.

On March 20, 2019, the court granted counsel for the Corporate Jacobson Defendants leave to withdraw, giving those defendants forty-five days to find new counsel.  (See Minute Entry, dated Mar. 20, 2019; Order, dated Mar. 20, 2019.)  Fifty-eight days later, on May 17, 2019, GEICO requested Certificates of Default against each of the Corporate Jacobson Defendants, on the ground that they had failed to obtain new counsel and, as corporations, could not appear *pro se*.  The Clerk of the Court noted their defaults on May 21, 2019.  (See Clerk's Entries of Default, dated May 21, 2019, Dkt. Nos. 172-176.)  On June 3, 2019, GEICO filed the instant motion for default judgment.  (See Motion for Default Judgment, dated June 3, 2019, Dkt. No. 180.)

Two days later, on June 5, 2019, the court received a letter from former counsel to the Corporate Jacobson Defendants, advising that they had retained a new attorney, who was awaiting reciprocity admission to the Eastern District of New York.  (See Letter of Nicholas Bowers, Esq., filed June 5, 2019, Dkt. No. 182.)  New counsel appeared in this case on June 7, 2019.  (See Notice of Appearance, filed June 7, 2019, Dkt. No. 184.)  I conducted a conference on June 18, 2019, at which new counsel for the Corporate Jacobson Defendants appeared and the parties agreed to a briefing schedule.  (See Minute Entry, dated June 18, 2019.)  In accordance with that schedule, the Corporate Jacobson Defendants opposed plaintiffs' motion for default judgment and moved to vacate on June 30, 2019.  (See Declaration of George T. Lewis, Jr., Esq., filed June 30, 2019, Dkt. No. 193; Motion to Vacate Default, dated June 30, 2019, Dkt. No. 194.)  GEICO filed an opposition on July 18, 2019.  (See Reply Memorandum of Law in Further

Support of Plaintiffs' Motion for Default Judgment Pursuant to FED. R. CIV. P. 55(b)(2), and in Opposition to Cross Motion to Vacate Defaults, dated July 18, 2019 ("Pls.' Reply"), Dkt. No. 196.)

## DISCUSSION

Under Rule 55(c) of the Federal Rules of Civil Procedure, "[a] district court may set aside an entry of default for 'good cause.'" McLean v. Wayside Outreach Dev. Inc., 624 F. App'x 44, 45 (2d Cir. 2015) (quoting FED. R. CIV. P. 55(c)). Because there is a "[s]trong public policy [that] favors resolving disputes on the merits," Gluco Perfect, LLC v. Perfect Gluco Prods., Inc., 14 CV 1678, 2016 WL 11469931, at *2 (E.D.N.Y. Jan. 7, 2016) (citing Am. All. Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996)), and "the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort," the Rule 55(c) standard is lenient. Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981); see also Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (good cause under Rule 55(c) "should be construed generously."). "[A] decision whether to set aside a default is a decision left to the sound discretion of the district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." McLean , 624 F. App'x at 45. "When deciding whether there is good cause to set aside a default, the court looks to (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Id. I will address each of these elements in turn.

A. Willful Default

"Courts will find willfulness where 'there is evidence of bad faith' or in the presence of 'egregious or deliberate conduct.'" U.S. Commodity Futures Trading Comm'n v.

3

McCrudden, No. 10 CV 5567, 2015 WL 5944229, at *21 (E.D.N.Y. Oct. 13, 2015) (quoting Am. All. Ins. Co., 92 F.3d at 60–61), adopted by 2015 WL 7161671 (E.D.N.Y. Nov. 13, 2015); see also Team Kasa, LLC v. Humphrey, 17 CV 1074, 2018 WL 1867117 at *6 (E.D.N.Y. Jan. 24, 2018) ("The boundary of willfulness lies somewhere between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable."), adopted by 2018 WL 1083958 (E.D.N.Y. Feb. 6, 2018); Aetna Life Ins. Co. v. Licht, No. 03 CV 6764, 2004 WL 2389824, at *3 (S.D.N.Y. Oct. 25, 2004) ("Conduct may be found to be willful where it is egregious, not satisfactorily explained, or is rationalized by flimsy excuse."). "Further, courts should resolve any doubt about [a] defendant's willfulness in its favor." McCrudden, 2015 WL 5944229, at *21 (internal quotation marks and citations omitted).

Dr. Jacobson points out that he has read and reviewed thousands of pages of documents and sat for two days of depositions, in addition to attending about nine other depositions in this case. (See Declaration of Bruce Jacobson, D.C., dated June 30, 2019 ("Jacobson Decl."), Dkt No. 194-2, ¶¶ 3-4.) He explains that the delay in obtaining new counsel for himself and the Corporate Jacobson Defendants was not due to any desire to abandon the defense of this case, but rather to an "unfortunate misunderstanding" regarding this court's ruling at the conference on March 20, 2019. (Id. ¶ 4.) At that conference, prior counsel was relieved, and plaintiffs requested additional discovery, including Dr. Jacobson's deposition regarding the ownership of certain entities. (See Transcript of Conference, dated Mar. 20, 2019, Dkt. No. 192.) Plaintiffs' counsel objected to Dr. Jacobson's attorney withdrawing from the case prior to that deposition. (Id. at 42.) After an off-the-record discussion, I stated on the record:

> I have granted the motion to withdraw. Counsel
> will represent Dr. Jacobson at the discovery proceeding

> that will last no more than a day, and Dr. Jacobson will
> have -- is going to begin looking for new counsel now but
> he will have forty-five days to obtain new counsel, and
> if there's some extenuating circumstances, he can apply
> to the Court but I think that should be enough time.

(Id. at 45.)

Based on that ruling, Dr. Jacobson believed that he and the Corporate Jacobson Defendants had forty-five days, or until May 6, 2019, to obtain new counsel, but that they could have more time if needed. (Jacobson Decl. ¶ 8.) He also thought that his attorneys, Gary Tsirelman and Nicholas Bowers, would continue to represent him and his companies until his deposition was complete and he retained new counsel. (Id.) He further states that he made a number of unsuccessful efforts to obtain new counsel for himself and the Corporate Jacobson Defendants, finally notifying plaintiffs' counsel the week of May 27, 2019, upon his return from an out-of-town trip, that he had retained an attorney who was applying for reciprocity admission to the Eastern District.[1] (Id. ¶¶ 13-20.) Dr. Jacobson explains that, because his prior counsel was removed from the docket and was not receiving ECF notifications, he did not learn of the defaults until his new counsel appeared in the case. (Id. ¶¶ 10, 20.)

Plaintiffs moved for default judgments on June 3, 2019; two days later, former counsel for Dr. Jacobson and the Corporate Jacobson Defendants informed the court that those defendants had retained George T. Lewis, Jr., P.C. as new counsel. (See Letter of Nicholas Bowers, Esq., filed June 5, 2019, Dkt. No. 182.) The letter also advised that plaintiffs' counsel had not contacted them to schedule the deposition GEICO had demanded at the March 20, 2019

---

[1] According to Dr. Jacobson, plaintiffs' counsel "said he would not object to new incoming counsel." (Jacobson Decl. ¶ 19.)

conference.[2]  (Id.)  Plaintiffs' counsel responded that the Corporate Jacobson Defendants "were clearly provided with 45 days from March 20, 2019 to find new counsel regardless of whether Plaintiffs elected to depose [Dr.] Jacobson" and since "the PC Defendants are not permitted to proceed without an attorney," they were in default.  (Letter of Sean Gorton, Esq., dated June 5, 2019, Dkt. No. 183.)  Plaintiffs' counsel stated that "the only filing the PC Defendants should be permitted to make is a motion to vacate their defaults, which Plaintiffs intend on opposing."  (Id.)

I find Dr. Jacobson's explanation of the delay persuasive and conclude that plaintiffs have not presented evidence of bad faith or egregious or deliberate conduct.  I therefore find that the defaults were not willful.

B.  Prejudice

"In determining whether to vacate an entry of default, a court must consider 'whether and to what extent vacating the default judgment will prejudice the non-defaulting party.'"  Courchevel 1850 LLC v. Rodriguez, 17 CV 6311, 2019 WL 2233828 at *6 (E.D.N.Y. May 22, 2019) (quoting New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005)).  "Accordingly, in determining whether a plaintiff has suffered prejudice, courts consider the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion."  Id. (quotation marks omitted).

GEICO makes conclusory assertions of prejudice but has presented no facts demonstrating that this one-month delay in obtaining counsel has thwarted its recovery or

---

[2] Plaintiffs state that they opted not to take Dr. Jacobson's supplemental deposition after all, because they subpoenaed bank records, the contents of which led them to believe that the deposition would not be "productive." (Pls.' Reply at 10.)  Nonetheless, they do not appear to have informed Dr. Jacobson or his prior counsel of that decision.

6

remedy or has increased difficulties of discovery. Indeed, plaintiffs have caused a greater delay by persisting with their default motion, even after being informed that these defendants had retained new counsel. In sum, GEICO has experienced only a brief delay, which "alone is not a sufficient basis for establishing prejudice." Green, 420 F.3d at 110.[3]

### C. Meritorious Defense

For a defense to be meritorious at this stage, it "need not be ultimately persuasive." Am. All. Ins. Co., 92 F.3d at 61. Instead, a meritorious defense exists if, based on the defendant's version of events, "the factfinder [has] some determination to make." Id. (internal quotation marks and citation omitted); see also S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998) ("In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense.") (internal quotation marks and citation omitted); Enron Oil Corp., 10 F.3d at 98 ("The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."). This requires a "low threshold of adequacy." Curry v. Penn Credit Corp., No. 15 CV 6360, 2015 WL 6674922, at *5 (W.D.N.Y. Nov. 2, 2015) (quoting Meehan, 652 F.2d at 277); see also U.S. Commodity Futures Trading Comm'n v. Musorofiti, No. 05 CV 3917, 2007 WL

---

[3] Plaintiffs devote most of their argument to recounting previous delays allegedly caused by Dr. Jacobson and the Corporate Jacobson Defendants. (See Pls.' Reply at 4-9.) Without rehashing over three years of litigation, I note that plaintiffs initially brought this case against more than twenty defendants, and have themselves requested or agreed to extensions of time to conduct discovery during the course of this case. Regardless, the present default motion is based on the Corporate Jacobson Defendants' failure to retain counsel within the forty-five day deadline, so I have limited my analysis to that issue.

2089388, at *4 (E.D.N.Y. July 17, 2007) (stating that establishing a meritorious defense "is not a stringent burden.").

As explained, courts have a "strong preference for resolving disputes on the merits." City of New York v. Mickalis Pawn Shop, 645 F.3d 114, 129 (2d Cir. 2011) (internal citations omitted). Therefore, at this stage of the case, "all doubts must be resolved in favor of the party seeking relief from the default judgment." Hanover Ins. Co. v. Hopwood, No. 10 CV 8321, 2011 WL 3296081, at *2 (S.D.N.Y. May 26, 2011) (internal citation omitted); see also State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 167-68 (2d Cir. 2004) (the criteria for vacating a default, "including the meritorious defense factor, should be construed generously."); Frank v. Visions Multi Media Grp., No. 17 CV 817, 2019 WL 3974122, at *2 (W.D.N.Y. Aug. 22, 2019) ("The demonstration of a meritorious defense is not expressly called for by the federal rules and, therefore, the nature and extent of the showing that will be necessary is a matter that lies within the court's discretion.") (quoting 10A FED. PRAC. & PROC. CIV. § 2697 (4th ed.)).

Dr. Jacobson has testified, and continues to insist, that all of the treatments he and the Corporate Jacobson Defendants billed to GEICO were medically necessary based on patients' complaints of pain and the standard of care in the industry. (Declaration of Bruce Jacobson, D.C., dated June 30, 2019 ("Jacobson Decl. II"), Dkt. No. 193-1, ¶ 25.) He vehemently denies all of GEICO's allegations, including that the services billed were never provided, that the Corporate Jacobson Defendants used improper code billing, and that he received kickbacks disguised as "rent" in exchange for patient referrals. (Id.)

It is true that conclusory denials of a plaintiff's factual allegations do not suffice to establish a meritorious defense. State Farm Mut. Auto. Ins. Co. v. Cohan, 409 F. App'x 453,

8

456 (2d Cir. 2011) (citing Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 173 (2d Cir. 2001)); see also Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, 241 F.R.D. 451, 456 (S.D.N.Y. 2007) ("[T]he moving party on a motion to reopen a default must support its general denials with some underlying facts.") (quoting Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1980)).  However, the Corporate Jacobson Defendants provide more than Dr. Jacobson's blanket denials.  For example, Dr. Jacobson points to the deposition testimony of his employees as corroborating his contention that there was no "pre-determined protocol" for treatment, as plaintiffs allege.  (Jacobson Decl. II ¶ 25(i).)  The Corporate Jacobson Defendants have also provided some W2 forms to support their claim that chiropractors who worked for them were not independent contractors, as alleged, but were paid employees with taxes withheld.  (Id. ¶ 25(vii).)  Further, they claim to have provided signed patient disclosures explaining the relationship among the Corporate Jacobson Defendants, to refute the allegation of self-referrals.  (Id. ¶ 25 (iv).)  Whether or not these defenses are likely to prevail, the Corporate Jacobson Defendants should have an opportunity to present them to a factfinder.  See Am. All. Ins. Co., 92 F.3d at 61 (reversing finding that defendant failed to provide conclusive evidence of its meritorious defense and explaining that "the District Court was not the trier of fact on this issue and should not have required such evidence in order to permit [defendant] to present its defense.").

## CONCLUSION

In light of the "preference for resolving disputes on the merits," Enron Oil Corp., 10 F.3d at 95, and the fact that all three factors comprising the Rule 55(c) good-cause test, construed generously, weigh in favor of the Corporate Jacobson Defendants, I respectfully recommend that the motion to set aside the entries of default be granted, and that plaintiffs' motion for default judgment be denied.  Any objections to this report and recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Korman and to my chambers within fourteen (14) days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Plaintiffs' counsel are directed to contact my chambers at (718) 613-2340 to schedule a telephone conference as soon as possible after Judge Korman renders a decision on this report and recommendation.

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
       October 15, 2019